UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JANE DOE,

                    Plaintiff,                          **Civil Action No.:**

V.

                                                    **NOTICE OF REMOVAL**

RBHFO MIDTOWN, LLC;
RBHFO TEXAS STUDENT HOUSING, LLC;
RBHFO STUDENT HOUSING, LLC;
DFW MIDTOWN ARLINGTON, LLC;
DFW MIDTOWN ARLINGTON ASSOCIATES, LLC;
600 EAST ARKANSAS LANE LLC;
THE GROVE PORTFOLIO LCC;
GVA PRO LLC;
STATEWIDE PATROL, INC.;
JPMORGAN & CHASE CO.;
JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION;
BRENDA JONES; and
JOEL ENGOBO MAMBE,

                    Defendants.

-----------------------------------------------------------------------

    TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION

Defendants-Petitioners, **JPMORGAN & CHASE CO.** and **JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**, file this notice to remove the foregoing case to the United States District Court for the Northern District of Texas, Dallas Division, and respectfully show this Court:

    1.      A civil action was commenced in the 14th Judicial District Court of Dallas County, Texas, in which the above-named individual, JANE DOE, is the plaintiff and the petitioners, JPMORGAN & CHASE CO. and JPMORGAN CHASE BANK, N.A., are defendants.  The action is entitled <u>Jane Doe v. RBHFO Midtown, LLC. et al</u>, and bears Cause Number DC-20-06933.  As

1

8277947v.1

the action is venued in Dallas County, Texas, removal to the United States District Court for the Northern District of Texas, Dallas Division, is proper.

2.    The above action was commenced against defendants-petitioners on or about May 15, 2020 [see a copy of Plaintiff's Original Petition and Request for Disclosure, annexed as **Exhibit "A"**].  In sum, this civil action arises from an incident that allegedly occurred on June 20, 2018 when defendant, Joel Engobo Mambe, kidnapped "Jane Doe" at gun point at Midtown Apartments, forced "Jane Doe" to withdraw money from a nearby ATM at Chase Bank, and then took "Jane Doe" to the Stone Ridge Apartments and sexually assaulted her [see **Exhibit A**, VI(1)]. Plaintiff alleges, *inter alia*, that defendants-petitioners were negligent in their security measures at the ATM located at 700 West Arkansas Lane in Arlington, Texas [see **Exhibit A**, IV(e)(30-32) and X(8)]. Plaintiff seeks monetary relief in excess of $1,000,000 [see **Exhibit A,** V]. Accordingly, the amount in controversy in this suit is in excess, exclusive of interest and costs, of $75,000.00.

3.    This action is one of which the District Courts of the United States have original jurisdiction under 28 U.S.C. §1332 and 28 U.S.C. §1441.  There is diversity of citizenship between the plaintiff and the defendants-petitioners.

4.    Pursuant to Plaintiff's Original Petition, "Jane Doe" resides in Wood County, Texas[1] [See **Exhibit A**, II(1)].

5.    JPMorgan & Chase Co. is an improperly named party because it has no connection with the subject controversy.  JPMorgan & Chase Co. does not own, operate, maintain or control the premises located at 700 West Arkansas Lane in Arlington, Texas.  Based on a search performed on the Texas Controller's website, JPMorgan & Chase Co. is not an actual corporate entity.  Even

---

[1] Plaintiff's Original Petition states that plaintiff's identity will be made known to Defendants when they answer or otherwise appear in the lawsuit [See **Exhibit A**, II(1)].

2

if it was an actual corporate entity, its citizenship would be irrelevant in assessing whether diversity of citizenship exists. A plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy. *See Pampillonia v. RJR Nabisco, Inc.,* 138 F.3d 459 (2d Cir. 1998) and *Alviar v. Lillard*, 854 F.3d 286 (5th Cir. 2017). The "citizens" upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy. *McNutt v. Bland*, 43 U.S. 9 (1844). Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy. *Navarro Sav. Ass' n v. Lee,* 446 U.S.458, 461 (1980), citing *McNutt v. Bland*, supra*.

6.      Defendant, JPMorgan Chase Bank, National Association, is now and was at the time said action was commenced, a national bank and citizen of the State of Ohio, County of Delaware, by virtue of having designated Columbus, Ohio as its main office in its Articles of Association. *See OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 219 (2d Cir. 2016) (holding that a national bank is a citizen only of the state listed in its articles of association as its main office) and *Pettit v. United States N.A.*, 2017 U.S. Dist. LEXIS 107815 (N.D. Tex. 2017).

7.      As plaintiff was a resident and domiciliary of the State of Texas at the time the original petition was filed, and JPMorgan Chase Bank, N.A. was a citizen of the State of Ohio, complete diversity exists and removal is proper since upon information and belief, no other forum defendant has been served. The Fifth Circuit Court of Appeals has held that a non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be "properly joined and served" is a citizen of the forum state, a process known as snap removal. *See Texas Brine Co., LLC v. Am. Arbitration Ass'n, 955 F.3d 482,* 2020 U.S. App. LEXIS at *487 (5th Cir. 2020).

3

8.     A defendant may remove a civil case brought in state court to the federal district court in which the case could have been brought. *See* 28 U.S.C. § 1441(a). In diversity cases, there is an additional limitation on removal, known as the forum-defendant rule which provides that a "civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C. § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See* 28 U.S.C. § 1441(b)(2). This leaves a non-resident defendant with the ability to remove prior to service of process of resident defendants.

9.     In *Texas Brine Co. L.L.C. v. Am. Arbitration Ass'n*, the Fifth Circuit Court of Appeals ruled that a non-resident defendant can remove a state court lawsuit to federal court before a resident defendant is "properly joined and served." *See Texas Brine Co., LLC v. Am. Arbitration Ass'n, 955 F.3d 482,* 2020 U.S. App. LEXIS at \*485 (5th Cir. 2020). Courts allowing pre-service removal have applied a plain language reading of the statute. *See, i.e.*, *Taylor v. Cottrell, Inc*., No. 4:09CV536 HEA, 2009 WL 1657427 at \*2 (E.D. Mo. June 10, 2009) (holding removal by forum defendant proper where defendant was not served at time of  removal and "[t]hus, the limitation on removal in section 1441(b) does not apply"); *Taylor, Vitatoe v. Mylan Pharms., Inc*., 2008 WL 3540462, (N.D. W.Va. Aug.13, 2008) (denying  motion to remand because plaintiff's "construction of § 1441(b) would require this Court to ignore the 'and served' language of the statute"); *Waldon v. Novartis Pharms. Corp.*, No. C07-01988 MJJ, 2007 WL 1747128 (N.D. Cal. June 14, 2007) (finding "no compelling reason to depart from the plain text of section 1441(b)"); *Massey v. Cassens & Sons, Inc*., No. 05-CV-598-DRH, 2006 WL 381943 (S.D. Ill. Feb. 16, 2006) (noting that federal courts have decided "virtually uniformly" that the forum defendant rule applies only if a resident defendant is joined and served at the time of removal); *Yocham v. Novartis Pharmaceuticals Corp*., No. 07-1810 JBS, 2007 WL 2318493 at \*1-2 (D. N.J. Aug. 13, 2007)

4

(holding case properly removed where forum defendant not yet served). The Fifth Court of Appeals agreed with the Second Court of Appeals' reasoning that, "[b]y its text … Section1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action." *Id. at* \*486 (5th Cir. 2020) (citing *Gibbons v. Bristol-Myers Squibb Co*., 919 F.3d 699 (2d Cir. 2019).

10.     The Fifth Circuit Court of Appeals reasoned that the plain language of the statute is unambiguous, and permits a non-forum defendant to remove an otherwise removable case even when a named defendant who has yet to be "properly joined and served" is a citizen of the forum state.  *See id. at \*487.*The Fifth Court of Appeals concluded that snap removal is rational, and that sensible reasons exist for including the language "properly joined and served" in 28 U.S.C. § 1441(b)(2). See *Texas Brine Co. at \*486.*  Here, diversity jurisdiction exists because Plaintiff is a resident of Texas and JPMorgan Chase Bank, National Association, is a national bank and citizen the State of Ohio, County of Delaware.  To the best of JPMorgan & Chase Co. and JPMorgan Chase Bank, National Association's knowledge, no other defendant has been served as Defendants in this action yet. *See* Docket Sheet, **Exhibit A**.  Therefore, JPMorgan & Chase Co. and JPMorgan Chase Bank, National Association's removal is timely and appropriate.

11.     Written filing of this motion will be given to the plaintiff promptly after the filing of this motion, as is required by law.

12.     This motion is timely made pursuant to 28 U.S.C. § 1446(b)(1).

13.     By filing this Notice of Removal, defendants-petitioners do not waive any defense which may be available to them.

8277947v.1

WHEREFORE, Defendants-Petitioners pray that this action proceed in this Court as an action properly removed thereto.

Dated: May 20, 2020

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER,** LLP

 */s/ Lee L. Cameron, Jr.*
**Lee L. Cameron, Jr.**
State Bar No. 03675380
Lee.Cameron@wilsonelser.com
**Kayleigh J. Watson**
State Bar No. 24102632
Kayleigh.Watson@wilsonelser.com
**J. Eric Elder**
State Bar No. 24012583
Eric.Elder@wilsonelser.com
901 Main Street, Suite 4800
Dallas, Texas 75202-3758
(214) 698-8000 – Main
(214) 698-1101 – Fax

**ATTORNEYS FOR DEFENDANTS JPMORGAN & CHASE CO. AND JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was delivered to all parties and counsel of record in accordance with the Federal Rules of Civil Procedure on this the 20th day of May 2020.

*/s/ Lee L. Cameron, Jr.*
**Lee L. Cameron, Jr.**

6

8277947v.1