# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:20-CV-01321-S |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## <u>PLAINTIFF'S FIRST AMENDED COMPLAINT</u>

## TABLE OF CONTENTS

I.      PARTIES .................................................................................................3

II.     JURISDICTION ......................................................................................3

III.    VENUE AND JURISDICTION................................................................3

IV.     FACTS  ....................................................................................................4

V.      CAUSE OF ACTION AGAINST DEFENDANT CHASE BANK ..................7

VI.     DAMAGES ..............................................................................................9

VII.    PRESERVATION ...................................................................................10

VIII.   PLAINTIFF SERVES DISCLOSURES, REQUEST FOR
        PRODUCTION, INTERROGATORIES, AND REQUEST FOR
        ADMISSIONS..........................................................................................10

IX.     CLAIM FOR PREJUDGMENT AND POST-JUDGMENT INTEREST........10

X.      JURY DEMAND......................................................................................10

XI.     PRAYER .................................................................................................11

TO THE HONORABLE U.S. DISTRICT COURT:

Plaintiff JANE DOE files this First Amended Complaint, complaining of Defendant JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, and alleges as follows:

## I. **PARTIES**

1.      Plaintiff Jane Doe resides in Wood County, Texas. Her identity will be made known to Defendant when they answer or otherwise appear in this lawsuit.

2.      Defendant JPMorgan Chase Bank, N.A. is a foreign financial institution with its principle office in Ohio and doing business in Tarrant County, Texas. Defendant has been served with process and is currently before this Court.

## II. **JURISDICTION**

Jurisdiction is proper because the amount in controversy exceeds the minimum jurisdictional limits of this Court.

## III. **VENUE AND JURISDICTION**

1.      Venue is proper in this Federal Court in Texas because the accident in question occurred in the Federal Northern District of Texas, and under 28 U.S.C. 1391(b)(2), venue is proper in this Court.

2.      Diversity jurisdiction is proper in this Court under 28 U.S.C. 1332 (a)(1) because the Defendant is a citizen of a state other than Texas, and the Plaintiff

is a citizen of Texas, and the amount in controversy exceeds $75,000, excluding interest and costs.

## IV.  **FACTS**

1. Defendant JPMorgan Chase Bank, N.A. ("Defendant Chase Bank") owned, possessed, operated, and/or managed the Chase Bank location at 700 West Arkansas Lane, Arlington, Texas, where Jane Doe was forced to withdraw money for Defendant Mambe.

2. On or about June 20, 2018, in Arlington, Tarrant County, Texas, Plaintiff Jane Doe, a student at the University of Texas at Arlington, arrived home at the Midtown Apartments located at 1121 UTA Boulevard, Arlington, Texas 76013.

3. As Plaintiff exited her vehicle, Mambe approached her, pulled out a 9mm handgun, pointed it at her, and demanded money. He forced Plaintiff into her vehicle at gun point and forced her to drive to a nearby ATM to withdraw money. Mambe held the gun to Plaintiff's head during the drive to the Defendant Chase Bank's ATM at 700 West Arkansas Lane, Arlington, Texas, where he forced her to withdraw cash from her account and give to him.

4. Mambe then forced her to drive to Stone Ridge's apartment complex in the 600 block of East Arkansas Lane, Arlington, Texas. There, Mambe made her turn off the vehicle's engine, car lights, and forced her to perform oral sex on him.

During the sexual assault Mambe used the gun handle to push her head down until he ejaculated.

5.    Mambe forced Plaintiff to drive him to another apartment complex, Park Lane Apartments at 3100 East Park Row Drive, where he took her car key, phone, and briefly left the vehicle, then instructed her to drive him to a 7-11 convenience store located at 1425 S Collins, Arlington, Texas, where he used Plaintiff's debit card to purchase items.

6.    Mambe forced Plaintiff to drive him back to the Park Lane Apartments and turn off her car's engine and lights. While sitting in her car, Mambe reviewed the ATM receipt, noticing Plaintiff had more money remaining in her bank account. He took her debit card, then he pulled the SIM card out of her cell phone and broke it, and factory reset her phone. He took a photo of her driver's license with her cell phone.

7.    Mambe warned and threatened Plaintiff that he could have killed her. He threatened that he had a copy of her driver's license, and if she reported the events, he would kill her and her family members. He then gave Plaintiff her driver's license, car key, and left the vehicle.

8.    Plaintiff drove home and contacted the police.

9.    At all relevant times, Defendant Chase Bank was the owner, operator, possessor, and/or occupant of the premises located at 700 West Arkansas Lane,

Arlington, Texas.

10.    At all relevant times, Plaintiff entered the premises with Defendant Chase Bank's permission and for their mutual benefit. Plaintiff used her debit card to withdraw money from the ATM on Defendant's premises. Defendant charged Plaintiff a fee to use the ATM located on Defendant's premises.

11.    At all relevant times, this unreasonable risk of harm was foreseen and reasonably should have been foreseen by Defendant Chase Bank due to prior ATM robberies and bodily harm that often accompanies robberies. Defendant's premises was located in a high crime area. In a year-long period, approximately 203 assaults were reported in the half mile area surrounding Defendant's premises located at 700 West Arkansas Lane, Arlington, Texas. Information on similar violent crime occurring near Defendant's premises is available to public and was readily available to Defendant through internet searches, news media reports, and other sources.

12.    At all relevant times, the lack of security measures at the ATM located on the premises posed an unreasonable risk of harm to Plaintiff and others similarly situated. These failures included: insufficient lighting, inability to contact help through the ATM, and no security presence on the property. At all relevant times, Defendant Chase Bank failed to warn Plaintiff or render the condition reasonably safe.

13.    Defendant Chase Bank's acts and omissions proximately caused

Plaintiff's injuries and damages.

## V.  <u>CAUSE OF ACTION AGAINST DEFENDANT CHASE BANK</u>

1.     On June 20, 2018 Defendant maintained and owned a number of automated teller machines ("ATMs") throughout Arlington, and Tarrant County, Texas, for the benefit and use of the general public. One of Defendant's 24-hour ATM facilities is located remote from its main banking facility: 700 West Arkansas Lane, Arlington, Texas.

2.     Defendant Chase Bank was the owner, operator, possessor, and/or manager of the premises located at 700 West Arkansas Lane, Arlington, Texas. Defendant operated a banking location at these premises. The premises included drive up banking facilities and a drive-up automatic teller machine.

3.     The drive-up automatic teller machine located at Defendant's premises was open 24 hours a day and available for use by the public, including Plaintiff. Defendant Chase Bank invited customers to use the ATM to make withdrawals, deposits, and other cash transactions during Defendant's business and nonbusiness hours.

4.     Upon arrival at Defendant Chase Bank's premises, Plaintiff used her debit card at the automatic teller machine on Defendant's premises. Plaintiff was forced to withdraw money from the automatic teller machine at gunpoint. Defendant Chase Bank charged and collected a fee to Plaintiff for Plaintiff's transactions at the

PLAINTIFF'S FIRST AMENDED COMPLAINT – Page 7 of  11
Doe – Complaint  1st Amended – fj07012003

automatic teller machine located at Defendant's premises. Thus, Plaintiff was an invitee.

5.    Defendant Chase Bank knew, or should have known, of an unreasonable and foreseeable risk that Plaintiff, and other invitees like Plaintiff, would be harmed while using the Defendant Chase Bank's ATM facility. Defendant's premises was located in a high crime area. In a year-long period, approximately 203 assaults were reported in the half mile area surrounding Defendant's premises located at 700 West Arkansas Lane, Arlington, Texas. Information on similar violent crime occurring near Defendant's premises is available to public and was readily available to Defendant through internet searches, news media reports, and other sources.

6.    Defendant knew or reasonably should have known of prior robberies at gunpoint involving use of Defendant's ATMs. Customers using and interacting with ATM on Defendant Chase Bank's locations have been robbed at gunpoint and seriously injured or killed while using and/or interacting with an ATM at Defendant's locations.

7.    As the owner of the ATM facility, Defendant Chase Bank had a legal duty to use ordinary care to protect invitees such as Plaintiff from assaults when the defendant knew or has reason to know of an unreasonable and foreseeable risk of harm to the invitee.

8.     Defendant Chase Bank as owner and operator of the ATM, failed to exercise due care in the ownership and operation of the machine to ensure that the banking customers were not subjected to unreasonable risk of harm in using the machine. Specifically, Defendant Chase Bank negligently failed:

    a.    to place the ATM in a safe and secure location.
    b.    to have proper security at or near its ATM.
    c.    maintain a security guard on the premises of the bank, even though the ATM facility was located in a high-crime area;
    d.    request that the local police make patrols around their premises;
    e.    provide Plaintiff with protection while using the machine;
    f.    provide sufficient and adequate lighting around the ATM;
    g.    install alarms on the premises which customers could activate at the bank facility; and
    h.    otherwise exercise due care in ensuring the safety of the ATM users, such as plaintiff.

9.     Due to Defendant Chase Bank's negligence, Jane Doe was robbed at gunpoint and suffered substantial damages including but not limited to mental anguish, post-traumatic stress disorder, and medical expenses.

10.     Defendant Chase Bank's above acts and omissions were a direct and proximate cause of Jane Doe's injuries and damages.

## VI. **DAMAGES**

1.     Plaintiff has incurred medical expenses in the past and in all reasonable probability such medical expenses will continue in the future.

2.     Plaintiff has experienced mental anguish and emotional distress in the past and in all reasonable probability such mental anguish and emotional distress

will continue in the future.

3.     Plaintiff has experienced physical pain and suffering in the past and in all reasonable probability such physical pain and suffering will continue in the future.

5.     Plaintiff has suffered lost earnings in the past and in all reasonable probability such lost earning capacity will continue in the future.

6.     Plaintiff has incurred other post-incident expenses in the past and in all reasonable probability such other post-incident expenses will continue in the future.

## VII.  **<u>PRESERVATION</u>**

Defendant is given notice that any document or other material, including electronically stored information, that may be evidence or relevant to any issue in this case is to be preserved in its present form until this litigation is concluded.

## VIII.  **<u>PLAINTIFF SERVES DISCLOSURES, REQUEST FOR PRODUCTION, INTERROGATORIES, AND REQUEST FOR ADMISSIONS</u>**

Plaintiff served on Defendant Request for Production, Interrogatories, and Requests for Admissions with the Original Petition.

## IX.  **<u>CLAIM FOR PREJUDGMENT AND POST-JUDGMENT INTEREST</u>**

Plaintiff claims interest in accordance with applicable law.

## X.  **<u>JURY DEMAND</u>**

Plaintiff respectfully requests a jury trial.

## XI.  **PRAYER**

WHEREFORE  PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer and upon final hearing of this cause, Plaintiff have judgment against Defendant  for described damages, for costs of suit, for prejudgment and post-judgment interest at the legal rate, and have such other and further relief, general and special, at law and in equity, to which Plaintiff may be justly entitled under the facts and circumstances.

Respectfully submitted,

TURLEY LAW FIRM

*/s/ Lacey Turley Most*
Lacey Turley Most
State Bar No. 24093225
6440 North Central Expressway
1000 Turley Law Center
Dallas, Texas 75206
Telephone No. 214/691-4025
Telecopier No. 214/361-5802
laceym@wturley.com,
davette@wturley.com

ATTORNEY FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

This is to certify that on this 20th day of July 2020, a true and correct copy of the foregoing document was filed with CM-ECF, which notifies all counsel of record of this filing.

*/s/ Lacey Turley Most*
Lacey Turley Most

PLAINTIFF'S FIRST AMENDED COMPLAINT – Page 11 of  11
Doe – Complaint  1st Amended – fj07012003